### In re William M. SLATER, Jaye C. Slater, Debtors.

### Bankruptcy No. 85-4.

United States Bankruptcy Court, D. Delaware.

May 17, 1985.

William M. Slater, Jaye C. Slater, pro se.

William J. Marsden, Jr., Esquire Potter, Anderson & Corroon, Wilmington, Del., for Delaware Trust Co.

Noel C. Burnham, Wilmington Trust Co., Wilmington, Del., for Wilmington Trust Co.

## MEMORANDUM OPINION

HELEN S. BALICK, Bankruptcy Judge.

William J. and Jaye C. Slater, Chapter 13 debtors, filed their statements, schedules and a plan on January 21, 1985. An amended plan, filed March 12, makes no provision for payments to the trustee. Wilmington Trust Company moved to dismiss the case for cause, including debtors': (1) failure to provide for payment of future earnings to the trustee; (2) failure to provide payment under the plan to all creditors of a similar class on an equal basis; and (3) lack of good faith in the filing of the petition, which has caused prejudicial delay to creditors.

The Court, in noticing Wilmington Trust Company's motion for a hearing on April 22, 1985 at 11:00 AM, erroneously characterized the motion as one "to dismiss debtors' Chapter 13 after confirmation of plan pursuant to 11 U.S.C. § 1307(5)." This notice was mailed March 29, 1985. Wilmington Trust Company did not serve debtors and the Court's notice was debtors' only notice of the hearing on the motion.

This raises the question of whether debtors received adequate notice of the nature of the matter before the Court. Bankruptcy Rule 1017(d) provides that a proceeding for dismissal of a case is governed by BR 9014, which provides that "reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Reasonable notice and opportunity for hearing means "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A). It is a concept of elastic design that may be shaped to conform to the exigency of the circumstances. 5 *Collier on Bankruptcy*, ¶ 1300.12[1], p. 1300–46 (15th ed. 1985).

Mr. Slater contends, and the Court agrees, that the notice he received is incorrect in that it refers to § 1307(5). Mr. Slater stated that he did not know why he was before the Court because there is no 11 U.S.C. § 1307(5). The notice referred debtors to § 1307 and stated that Wilmington Trust had filed a "motion to dismiss debtors' Chapter 13." Debtors must have examined § 1307 in order to state to the Court that § 1307(5) did not exist.

The Court finds that despite the improper designation of the subsection in the Court's notice, and in light of Mr. Slater's exhibited knowledge of procedure, debtors were aware of the nature of the motion and had ample opportunity to prepare to defend against it. Therefore, the merits of the motion may be addressed. In considering the merits, the Court took judicial notice of the entire case file including the adversary proceeding docket files. Federal Rules of Evidence 201.

Debtors' original plan proposed submission of their total monthly income to the trustee. The trustee advised the debtors that such a plan was not feasible and that they were required to submit an amount not to exceed the excess of income over expenses reflected in their budget. Debtors then filed the amended plan which provides for no payments to the trustee, and for direct payments to all creditors.

At the hearing, Debtor William M. Slater testified that Debtors' joint monthly income consists of social security and two annuities totalling $698.00 and that their monthly expenses are very close to that amount. Debtors' present plan proposes no monthly payments to the trustee and he testified

that they have no intention of making any provision in any plan for submission of part of their future income to the trustee.

In addition, Mr. Slater testified that he and his wife filed their Chapter 13 petition in an attempt to "get some action" in a contract action that they brought against Delaware Trust. That action was litigated in the Superior Court and is now on appeal to the Delaware Supreme Court. When the debtors were denied a stay pending appeal in the state court action, they filed their Chapter 13 petition. Eight days later, debtors initiated an adversary proceeding (A-85-8) against Delaware Trust alleging breach of contract. After a pre-trial conference, this Court abstained pursuant to 28 U.S.C. § 1334(c)(1) and (2) from hearing any further matters in the proceeding until such time as the Supreme Court of Delaware has entered its final order, and granted relief from the automatic stay to allow the matter to reach a conclusion in the Supreme Court.

Chapter 13 was designed for the purpose of enabling a financially distressed individual to adjust his debts through an extension or by composition. The statutory scheme and the legislative history of Title 11 indicates that Chapter 13 was intended to encourage debtors to repay, at least in part, their debts through a plan funded by their future income. A Chapter 13 plan should lead to an orderly and effective means of distributing that portion of a debtor's future income which exceeds the amount needed to meet ordinary living expenses.

This Court has held that confirmation of a zero payment plan would be inconsistent with the policy of Chapter 13 and would undermine its basic purpose, which is to encourage repayment of debts. *In re Baldwin,* 81-204 (Bankr.D.Del. 6/29/81), copy attached.

■ Consequently, it is unlikely that confirmation of a plan would be possible at any point. Thus, it appears that debtors have not filed their Chapter 13 petition for the purpose of repaying their debts, but rather to enable them to forestall their creditors' collection efforts while they seek relitigation of their state court proceeding in the federal courts.

Wilmington Trust has established "cause" for dismissal of the Chapter 13 petition.

## APPENDIX

IN THE UNITED STATES BANKRUPT-
CY COURT FOR THE DISTRICT
OF DELAWARE

In Re: ROBERT SAMUEL & PATRICIA
ANNE BALDWIN, Debtors

(Chapter II)

No. 81-204

\* \* \* \* \* \*

Before The Honorable Helen S. Balick

\* \* \* \* \* \*

APPEARANCES:

BADER, DORSEY & KRESHTOOL
BY: ROBERT JACOBS, ESQUIRE
Attorney for Debtors
BY: THOMAS DOYLE RUNNELS, ES-
QUIRE
Trustee
BY: ELWYN EVANS, JR., ESQUIRE
Attorney for Wilmington Trust
BY: NOEL C. BURNHAM, ESQUIRE

ALSO PRESENT:

RICHARDS, LAYTON & FINGER
BY: RICHARD KILLON KIRK,
ESQUIRE

## BALDWIN DECISION

THE COURT: I reviewed the plan and file before coming into this hearing. So, I was aware that we had the first zero-payment plan in this district and did my homework in advance. I will now place on the record my ruling with respect to that plan.

To accept the reasoning that a debtor who proposes nothing to unsecured creditors because they would receive nothing

under Chapter 7 is entitled to the benefit of the broad discharge under § 1328(a), would undermine the basic purpose of Chapter 13. That purpose is to encourage individuals with regular income to repay their debts, either in full by way of extension or by composition, that is, less than one hundred cents on the dollar.

A plan providing for no payments could bring about the absurd result of penalizing a debtor who offers to make payments and does make partial payment to unsecured creditors but cannot complete them under the plan by restoring the debtor's nondischargeable obligations under the hardship discharge provided in Subsections (b) and (c) of § 1328, whereas a debtor who offers and pays nothing may emerge from a 13 case with a broad discharge under § 1328(a).

A literal reading of § 1325(a)(4) provides the loophole for a zero-payment plan. I'm not saying the plan should be rejected for reasons of bad faith. There has been no evidence presented. I am saying that it is being refused confirmation because the statutory scheme and legislative history of Chapter 13 shows that it was intended to encourage debtors to repay, at least in part, their debts—so a zero-payment plan is inconsistent with the statutory design. Confirmation is denied.

This holding obviates the necessity of ruling on the status of H.F.C.'s claim.

Court stands in recess.

United Reporters Service hereby certifies that the attached pages represent an accurate transcription of the record of the proceedings before the Bankruptcy Court in the matter of: ROBERT SAMUEL & PATRICIA ANNE BALDWIN Case 81–204 Monday, June 29, 1981 and that these pages constitute the original transcript of the proceedings.

/s/ Rosemary Shannon

Rosemary Shannon

Court Reporter—Notary Public